IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN FAWLEY, #320139         *
       Plaintiff,
  v.                               *   CIVIL ACTION NO. AW-05-2797

CHAPTER 13 BANKRUPTCY        *
       Defendant.
                              ***

**MEMORANDUM**

Plaintiff is a Maryland inmate confined at the Western Correctional Institution in Cumberland, Maryland. Utilizing a 42 U.S.C. § 1983 complaint form, on or about October 6, 2005, he submitted this action seeking to file for bankruptcy under Chapter 13. Paper No. 1. Plaintiff claims that he owes "numerous debters [sic] and can't pay them back." *Id*. at 4. Accompanying the action is Plaintiff's Motion to Proceed In Forma Pauperis. Paper No. 2. For reasons to follow, the case shall be transferred to the United States Bankruptcy Court for the District of Maryland.[1]

28 U.S.C. § 1334(a) provides federal district courts with original and exclusive jurisdiction over cases under Title 11 (Bankruptcy Code). "Cases under Title 11" refers merely to the original bankruptcy petition. Section 1334(b) confers original but not exclusive jurisdiction on federal courts in three circumstances: civil proceedings (1) arising under title 11; (2) arising in cases under title 11; and (3) related to cases under title 11. Disputes which "arise under title 11" or "arise in cases under title 11" are called

---

[1] Federal bankruptcy courts, like the federal district courts, are courts of limited jurisdiction. Their jurisdiction is defined by 28 U.S.C. §§ 157 and 1334. Three classes of controversy can arise before a bankruptcy court: core proceedings, non-core related proceedings, and non-core unrelated proceedings. *See, e.g., In re M. Paolella & Sons, Inc.*, 85 B.R. 965, 969 (Bankr.E.D.Pa.1988).

"core proceedings." *See Cook v. Griffin*, 102 B.R. 875, 876 (Bankr. N.D. Ga. 1989). Core proceedings are those involving matters arising under title 11 or arising in a case under title 11 of the United States Code; that is, they would not exist outside of bankruptcy. 1 Daniel R. Cowans, Bankruptcy Law and Practice § 1.2 at 31.

Although all three circumstances may confer jurisdiction on federal courts, there is an important distinction between core proceedings and proceedings "related to cases under title 11." Section 1334(c)(1) (permissive abstention) allows district courts to abstain from hearing proceedings "arising under title 11 or arising in or related to a case under title 11," when abstention is proper in the interest of justice, or in the interest of comity with State courts or respect for state law."[2]

Plaintiff's Chapter 13 filing is a core proceeding involving a substantive right provided by title 11 and, by its nature, could arise only in the context of a bankruptcy case. The court finds it appropriate to abstain from this matter.

28 U.S.C. § 157(a) provides that:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

---

[2] Section 1334(c)(2) governs mandatory abstention. Mandatory abstention is required upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under section 1334(c)(2). In such instances, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Given the filing date of Plaintiff's case and the court's decision to abstain from this matter, the undersigned also finds it in the interests of justice to transfer this case to the United States Bankruptcy Court for the District of Maryland.[3]  A separate order follows.[4]

Dated: October 25, 2005                             /s/
                                            Alexander Williams Jr.
                                            United States District Judge

---

[3]   A decision on Plaintiff's indigency motion shall be left to the transferee court.

[4]   Plainly, the bankruptcy filing was not submitted on proper forms.  This court will leave it to the bankruptcy court to take the appropriate action to ensure that Plaintiff's filing is in compliance with bankruptcy rules and practices.